UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK

---

Xi Jing Chen and Chao Rong Wu individually and on behalf of all other employees similarly situated,

Plaintiff,

- against -

C.H. Supermarket, Inc, d/b/a CJ Food Mart, L.X.W.H.C. Supermarket Inc. d/b/a CJ Food Mart, "Ah-zhen" "Doe" (last name unknown), "Ah-cheng" "Doe" (last name unknown), "Ah-Peng" "Doe" (last name unknown), and "John" (first name unknown) Lin

Defendants.

---

Case No.

**COLLECTIVE & CLASS ACTION COMPLAINT**

---

Plaintiffs Xi Jing Chen and Chao Rong Wu ("Plaintiffs" collectively), on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants C.H. Supermarket, Inc, d/b/a CJ Food Mart, L.X.W.H.C. Supermarket Inc., d/b/a CJ Food Mart. "Ah-zhen" "Doe" (last name unknown), "Ah-cheng" "Doe" (last name unknown), "Ah-Peng" "Doe" (last name unknown), and "John" (first name unknown) Lin (collectively "Defendants"), alleges and shows the Court the following:

<u>INTRODUCTION</u>

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2       Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, including overtime compensation for all hours worked over forty (40) each workweek.

3.       Plaintiffs alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages and overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.       Plaintiffs further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) liquidated damages equal to the sum of unpaid overtime, unpaid "spread of hours" premium, and unlawful wage deductions pursuant to the NY Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5.       This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Xi Jing Chen is a resident of Queens County, New York and was employed as a meat department sales clerk by C.H. Supermarket, Inc. and L.X.W.H.C. Supermarket Inc. located at 40-33 Main St. Flushing, New York 11354 from December 2014 to September 19, 2016.

8. Chao Rong Wu is a resident of Queens County, New York and was employed as a meat department sales clerk by C.H. Supermarket, Inc. and L.X.W.H.C. Supermarket Inc. located at 40-33 Main St. Flushing, New York 11354 from February 1, 2016 to December 11, 2016 and again from February 13, 2017 to January 14, 2018.

## DEFENDANTS

9. Upon information and belief, Defendant, C.H. Supermarket Inc. owns and operates a supermarket in Queens located at 40-33 Main St. Flushing, New York 11354.

10. Upon information and belief, Defendant, C.H. Supermarket Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, C.H. Supermarket Inc. purchased and handled goods moved in interstate commerce.

11. Upon information and belief, Defendant, L.X.W.H.C. Supermarket Inc. owns and operates a supermarket in Queens located at 40-33 Main St. Flushing, New York 11354.

12. Upon information and belief, Defendant, L.X.W.H.C. Supermarket Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, L.X.W.H.C. Supermarket Inc. purchased and handled goods moved in interstate commerce.

13. Upon information and belief, Defendant "Ah-zhen" "Doe" (last name unknown) is an owner, officer, director and/or managing agent of C.H. Supermarket Inc., located at 40-33 Main St. Flushing, New York 11354 and participated in the day-to-day operations of CJ Food Mart and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with C.H. Supermarket Inc.

14. Upon information and belief, Defendant "Ah-zhen" "Doe" (last name unknown) owns the stock of C.H. Supermarket Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

15. Upon information and belief, Defendant "Ah-zhen" "Doe" (last name unknown) is an owner, officer, director and/or managing agent of L.X.W.H.C. Supermarket Inc. located at 40-33 Main St. Flushing, New York 11354 and participated in the day-to-day operations of CJ Food Mart and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with L.X.W.H.C. Supermarket Inc.

16. Upon information and belief, Defendant "Ah-zhen" "Doe" (last name unknown) owns the stock of L.X.W.H.C. Supermarket Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

17. Upon information and belief, Defendant "Ah-cheng" "Doe" (last name unknown) is an owner, officer, director and/or managing agent of C.H. Supermarket Inc., located at 40-33 Main St. Flushing, New York 11354 and participated in the day-to-day operations of CJ Food Mart and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with C.H. Supermarket Inc.

18. Upon information and belief, Defendant "Ah-cheng" "Doe" (last name unknown) owns the stock of both C.H. Supermarket Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

19. Upon information and belief, Defendant "Ah-cheng" "Doe" (last name unknown) is an owner, officer, director and/or managing agent of L.X.W.H.C. Supermarket Inc., located at 40-33 Main St. Flushing, New York 11354 and participated in the day-to-day operations of CJ Supermarket and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with L.X.W.H.C. Supermarket Inc.

20. Upon information and belief, Defendant "Ah-cheng" "Doe" (last name unknown) owns the stock of L.X.W.H.C. Supermarket Inc., and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

21. Upon information and belief, Defendant "Ah-Peng" "Doe" (last name unknown) is an owner, officer, director and/or managing agent of C.H. Supermarket Inc., located at 40-33 Main St. Flushing, New York 11354 and participated in the day-to-day operations of CJ Food Mart and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with , C.H. Supermarket Inc.

22. Upon information and belief, Defendant "Ah-Peng" "Doe" (last name unknown) owns the stock of CJ Supermarket Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

23. Upon information and belief, Defendant "Ah-Peng" "Doe" (last name unknown) is an owner, officer, director and/or managing agent of L.X.W.H.C. Supermarket Inc., located at 40-33 Main St. Flushing, New York 11354 and participated in the day-to-day operations of CJ Food Mart and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with L.X.W.H.C. Supermarket Inc.

24. Upon information and belief, Defendant "Ah-Peng" "Doe" (last name unknown) owns the stock of L.X.W.H.C. Supermarket Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

25. Upon information and belief, Defendant "John" (first name unknown), Lin is an owner, officer, director and/or managing agent of C.H. Supermarket Inc., located at 40-33 Main St. Flushing, New York 11354 and participated in the day-to-day operations of CJ Food Mart and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with , C.H. Supermarket Inc.

26. Upon information and belief, Defendant "John" (first name unknown), Lin owns the stock of CJ Supermarket Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

27. Upon information and belief, Defendant "John" (first name unknown), Lin is an owner, officer, director and/or managing agent of L.X.W.H.C. Supermarket Inc., located at 40-33 Main St. Flushing, New York 11354 and participated in the day-to-day operations of CJ Food Mart and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with L.X.W.H.C. Supermarket Inc.

28. Upon information and belief, Defendant "John" (first name unknown), Lin owns the stock of L.X.W.H.C. Supermarket Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

29. At all times relevant herein, C.H. Supermarket Inc. and L.X.W.H.C. Supermarket Inc. were, respectively, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

30. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by, C.H. Supermarket Inc. and L.X.W.H.C. Supermarket Inc.

31. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide them paystubs and a wage notice at the time of hiring in violation of the NYLL.

32. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

33. Defendants committed the following alleged acts knowingly, intentionally and willfully.

34. Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*PLAINTIFF XI JIN CHEN*

35. From December 2014 to September 19, 2016, Plaintiff was hired by Defendants to work as a meat sales clerk at the Meat Department of Defendants' Supermarket located at 40-33 Main St. Flushing, New York 11354, his duties included but not limited to preparing and selling meat products to the customer, moving and organizing meat products.

36. Throughout his employment with the Defendants, Plaintiff worked six (6) days a week, he usually had Thursdays off. He usually worked the evening shift from 7:30am until 5:45pm,

rarely did he work the morning shift, which was from 7:30am until 4:45pm. Plaintiff was required to work during his meal time and he had no breaks during these work shifts. Plaintiff thus worked approximately ten-hours and fifteen minutes (10.25) per day or, sixty-one and a half (61.5) hours per week.

37. The Defendants provided one free meal per day to the Plaintiff.

38. All compensations were made in cash.

39. The Plaintiff clocked in and out using a time keeping device at Defendant's business located at 40-33 Main St. Flushing, New York 11354.

40. From December 2014 to December 2015 the Plaintiff received a fixed wage of $504 per week regardless of how many hours the Plaintiff worked.

41. From January 2016 to September 19, 2016 the Plaintiff received a fixed wage of $514 per week regardless of how many hours the Plaintiff worked.

*PLAINTIFF CHAO RONG WU*

42. From February 1, 2016 to December 11, 2016, Plaintiff was hired by Defendants to work as a meat sales clerk at the Meat Department of Defendants' Supermarket located at 40-33 Main St. Flushing, New York 11354, his duties included but not limited to preparing and selling meat products to the customer, moving and organizing meat products.

43. From February 13, 2017 to January 14, 2018, Plaintiff was again hired by Defendants to work as a meat sales clerk at the Meat Department of Defendants' Supermarket located at 40-33 Main St. Flushing, New York 11354, his duties included but not limited to preparing and selling meat products to the customer, moving and organizing meat products.

44. Throughout his employment with the Defendants, Plaintiff worked six (6) days a week, he had one day off each week on either Monday, Tuesday or Wednesday. He routinely

worked from 7:30am to 6:30pm.  Plaintiff was not given break time nor meal time while working for the Defendants.  Plaintiff thus worked approximately eleven hours (11) per day, or sixty-six (66) hours per week.

45. Defendants paid the Plaintiff a fixed wage of $800 per week throughout the above periods, regardless of how many hours the Plaintiff worked.

46. Defendants paid the Plaintiff with a mix of cash and checks, typically split up into $360 in cash and $440 by checks.

47. The Plaintiff punched in and out of his work shift by typing a number into a computer at Defendant's business located at 40-33 Main St. Flushing, New York 11354.

48. Defendants did not compensate Plaintiffs for minimum wage according to state and federal laws.

49. Defendants did not compensate Plaintiffs for overtime compensation according to state and federal laws.

50. Plaintiffs and the New York Class Members' workdays always lasted longer than 10 hours.

51.  Plaintiffs were not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

52. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

53. Defendants did not provide Plaintiff with a wage notice at the time of hiring.

54. Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay,

regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's and other Class members' pay increase(s).

55. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

56. Defendants committed the following alleged acts knowingly, intentionally and willfully.

## COLLECTIVE ACTION ALLEGATIONS

57. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

58. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

59. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who failed to receive overtime compensation or spread-of-hours pay for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

60. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are

unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

61. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

62. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

63. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

64. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

65. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

66. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

67. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at Eight Star Inc. on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

68. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

69. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

70. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including  but  not limited  to their  failure  to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful

acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

71. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the

disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

73. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

74. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I

### (Fair Labor Standards Act-Unpaid Minimum Wages)

**75.** Plaintiffs repeat the preceding allegations and incorporates the same herein as if set forth in detail.

76. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

77. At all relevant times, Plaintiffs were employed as an "employee" of the Defendants within the meaning of FLSA.

78. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

79. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

80. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for some or all of the hours he worked.

81. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

82. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff at the statutory minimum wage when they

knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II
### (New York Labor Law-Unpaid Minimum Wages)

83. Plaintiffs repeat the preceding allegations and incorporates the same herein as if set forth in detail.

84. At all relevant times, plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

85. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

86. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay him minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violation of Fair Labor Standards Act – Overtime]

87. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

88. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty hours per workweek.

89. As a result of the Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times

the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C, §§ 201 *et seq,* including 29 U.S.C. §§ 207(a) (1) and 215(a), including the federal minimum wage.

90. As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

91. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

92. Due to Defendants' FLSA violations, Plaintiffs, on behalf of himself and the Collective Action members, is entitled to recover from Defendants their unpaid wages, their unpaid minimum wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT IV**
**[Violation of New York Labor Law – Overtime]**

93. Plaintiffs on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

94. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one and one-half times

the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

95. The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

96. Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al.

**COUNT V**
**[Violation of New York Labor Law—Spread of Hour Pay]**

97. Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

99. Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

**COUNT VI**
**[Violation of New York Labor Law—Failure to Provide Wage**
**Notice at the Time of Hiring]**

100.     Plaintiffs on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

101.     The Defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

102.     Due to the Defendants' violation of the NYLL, § 195(1), the Plaintiffs are entitled to recover from the Defendants liquidated damages of $50.00 per workday that the violation occurred, up to a maximum of $5000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

103.     The Defendants' NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

104.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

106.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub

on or after Plaintiff's payday.

107.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## Prayer For Relief

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective plaintiffs and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a)     Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)     Certification of this case as a class action pursuant to rule 23 of the federal rules of civil procedure;

c)     Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)     Certification of this case as a collective action pursuant to FLSA;

e)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his

counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)     An injunction against C.H, Supermarket Inc. and L.X.W.H.C. Supermarket Inc. their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)     An award of unpaid wages and overtime wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

j)      An award of unpaid agreed-upon wages due under New York Labor Law and all applicable theories of contract and equity;

k)     An award of the Plaintiffs' actual unreimbursed expenses due to the Plaintiff;

l)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

m)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. §216;

n)     An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

o)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

p)   The cost and disbursements of this action;

q)   An award of prejudgment and post-judgment fees;

r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

t)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated:  Flushing, New York

January 31, 2018

HANG & ASSOCIATES, PLLC.

/s/       Lian Zhu

Lian Zhu, Esq.
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
lzhu@hanglaw.com
*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by C.H. SUPERMARKET, INC. d/b/a C.H. SUPERMARKET and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*chen xijin*

Full Legal Name (Print)

*chen xijin*

Signature

2018, 1, 30

Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by C.H. SUPERMARKET, INC. d/b/a C.H. SUPERMARKET and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_____
Full Legal Name (Print)

_____
Signature

_____
Date