United States District Court
Eastern District of New York

----------------------------------X

XI JING CHEN, *individually and on behalf of all other employees similarly situated, et al.*,

              Plaintiffs,

  - against -

C.H. Supermarket, Inc., d/b/a CJ Food Mart, *et al.*,

              Defendants.

----------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

No. 18-cv-728 (KAM) (CLP)

**Kiyo A. Matsumoto, United States District Judge:**

    Presently before the Court is Magistrate Judge Pollak's *sua sponte* Report and Recommendation ("R&R") recommending that an entry of default be entered under Federal Rule of Civil Procedure 55(a) against defendants Xiao-Cheng Lin and CL Supermarket, Inc. for failure to defend. For the reasons below, the Court adopts the R&R, with minor modifications, as the Court's opinion.

**Background**

    Plaintiffs commenced this nearly seven-year-old action, individually and on behalf of all others similarly situated, against various defendants on February 1, 2018. (ECF No. 1.) Plaintiffs filed their operative Third Amended Complaint on November 1, 2022, against Defendants C.H. Supermarket, Inc. (d/b/a CJ Food Mart), L.X.W.H.C. Supermarket Inc. (d/b/a CJ Food Mart),

CL Supermarket Inc. (d/b/a CJ Food Mart), "Ah-zhen" (first name unknown) Wu, Xiao-Cheng Lin, Peng Wu, He Huang, and "John" (first name unknown) Lin, alleging violations of the Fair Labor Standards Act and the New York Labor Law. (ECF No. 97.)

On August 18, 2023, Magistrate Judge Cheryl L. Pollak referred this case to mediation. (August 18, 2023 Order.) On November 6, 2023, the mediation was reported unsettled, and on November 16, 2023, the parties filed a joint letter explaining that they were unable to resolve the matter at mediation and that a conflict of interest among the Defendants had become apparent. (ECF No. 108.) In the same joint letter, then-counsel for all Defendants, James Montgomery, Esq., requested leave to file a motion to withdraw as counsel for C.H. Supermarket, Inc., L.X.W.H.C. Supermarket Inc., "Ah-Zhen" Wu, Peng Wu, He Huang, and "John" Lin (collectively, the "Remaining Defendants"). (*Id.*) He then filed the motion to withdraw on December 20, 2023. (ECF No. 109.)

The basis of his application was a conflict of interest between Xiao-Cheng Lin and CL Supermarket, Inc. on the one hand, and the Remaining Defendants on the other hand. (ECF No. 109-1 ¶ 4.) Mr. Montgomery also sought leave to file an amended answer on behalf of Xiao-Cheng Lin and CL Supermarket, Inc. (*Id.* ¶ 11.)

On May 9, 2024, Judge Pollak granted Mr. Montgomery's motion to withdraw as to the Remaining Defendants. (ECF No. 110.) Judge Pollak ordered that the Remaining Defendants "shall have until

2

**06/24/2024** to find new counsel or, in the case of the individually named defendants, inform the Court of their intent to proceed *pro se*. Failure to meet this deadline will result in entry of default." (May 9, 2024 Order (emphasis in original).)

In the same order, Judge Pollak denied Mr. Montgomery's request to file an amended answer on behalf of Xiao-Cheng Lin and CL Supermarket Inc. (*Id.*) Instead, Xiao-Cheng Lin and CL Supermarket Inc. were ordered to serve Plaintiffs with a proposed Amended Answer, and Plaintiffs were to notify the Court and counsel of any objections to the proposed amendments. (*Id.*) If there were no objections, the Amended Answer was to be filed on consent. (*Id.*) On June 6, 2024, Plaintiffs notified the Court that they had received the proposed Amended Answer on behalf of defendants Xiao-Cheng Lin and CL Supermarket Inc., and they had no objections. (ECF No. 112.) Accordingly, on June 13, 2024, Xiao-Cheng Lin and CL Supermarket Inc. filed an Amended Answer that included a crossclaim for contribution and/or indemnification from "the other defendants in this action," namely, the Remaining Defendants, in the event Xiao-Cheng Lin and CL Supermarket, Inc. are found liable to Plaintiffs. (ECF No. 113 ¶ 151.)

On June 26, 2024, Judge Pollak held a status conference. (June 27, 2024 Minute Entry.) There were no appearances for the Remaining Defendants, notwithstanding the Court's May 9, 2024 Order that those defendants retain new counsel, or, for the individually named

3

defendants, to inform the Court of their intent to proceed pro se by June 24, 2024. (*See id.*) Further, the Court directed Mr. Montgomery to file a status report in two weeks regarding continued representation issues with his clients, Xiao-Cheng Lin and CL Supermarket, Inc. (*Id.*)

On July 15, 2024, instead of a status report, Mr. Montgomery filed a motion to withdraw as counsel for Xiao-Cheng Lin and CL Supermarket, Inc., citing, *inter alia*, both Defendants' repeated failures to communicate with counsel and to cooperate in the defense of this action. (ECF No. 114-1 ¶¶ 6, 8, 11-13, 15.) On July 17, 2024, Judge Pollak ordered Mr. Montgomery to serve a copy of his motion to withdraw, related papers, and a copy of the Court's Order on Xiao-Cheng Lin and CL Supermarket, Inc. and file proof of service. (July 17, 2024 Order.) Judge Pollak further ordered that by no later than July 29, 2024, Xiao-Cheng Lin and CL Supermarket, Inc. must file any objections to Mr. Montgomery's motion to withdraw as counsel, and if "they fail[ed] to do so, the motion will be granted." (*Id.*) On July 18, 2024, Mr. Montgomery filed proof of service to Xiao-Cheng Lin and CL Supermarket, Inc. of his motion to withdraw. (ECF No. 115.)

Xiao-Cheng Lin and CL Supermarket, Inc. did not file any objections to Mr. Montgomery's motion to withdraw as counsel, nor any other filing, and accordingly, on August 18, 2024, Judge Pollak granted Mr. Montgomery's motion to withdraw as counsel of record

4

for Xiao-Cheng Lin and CL Supermarket, Inc. (ECF No. 116.) Judge Pollak further ordered that Xiao-Cheng Lin and CL Supermarket, Inc. "shall have until September 17, 2024, to file a letter confirming that they have retained new counsel or, in the case of the individual defendant, wish to proceed pro se," and that "while the individual defendant may proceed pro se, corporations may not appear in federal court without counsel, and failure to appear via new counsel may result in the entry of default." (*Id.* at 1.) Mr. Montgomery filed proof of service of a copy of Judge Pollak's Order granting Mr. Montgomery's motion to withdraw on Xiao-Cheng Lin and CL Supermarket, Inc. (ECF No. 117.)

On October 7, 2024, Judge Pollak ordered Plaintiffs to provide a status report. On October 18, 2024, Plaintiffs informed the Court that "since the Court's order allowing defense counsel to withdraw on August 18, 2024, Plaintiffs have received no further communication from the Defendants," namely, Xiao-Cheng Lin and CL Supermarket, Inc. (ECF No. 118 at 1.) Plaintiffs additionally requested that the Court "direct the Clerk of Court to enter a default against all Defendants in this matter" and requested "a period of thirty (30) days from the date of the Clerk's entry of default to file a motion for default judgment." (*Id.*)

On October 29, 2024, Magistrate Judge Pollak issued a *sua sponte* Report and Recommendation ("R&R") recommending that entry of default be entered against Xiao-Cheng Lin and CL Supermarket,

5

Inc. under Federal Rule of Civil Procedure 55(a) ("Rule 55(a)") for their failure to defend. (ECF No. 119 ("R&R").) The R&R was served on Xiao-Cheng Lin and CL Supermarket, Inc. on October 29, 2024. (ECF No. 120.) The R&R notified Xiao-Cheng Lin and CL Supermarket, Inc. of their right to file written objections within fourteen days of receiving the R&R and that failure to file timely objections would operate as a waiver of any further judicial review. (R&R at 3-4.) The deadline to object has expired, and no party filed objections.

## Legal Standard

In reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b). "Where no objection to a Report and Recommendation has been timely made, the district court need only satisfy itself that there is no clear error on the face of the record." *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (citation omitted).

## Discussion

The Court first addresses the R&R and then addresses the Remaining Defendants.

### I. R&R Recommending Entry of Default Against Defendants Xiao-Cheng Lin and CL Supermarket, Inc. Under Rule 55(a)

After careful review of the record and Judge Pollak's well-reasoned R&R, the Court finds no clear error and thus affirms and

6

adopts the R&R, with minor modifications, as the Court's opinion. *See* § 636(b)(1). Specifically, the Court agrees with and adopts the recommendation that default[1] should be entered by the Clerk under Rule 55(a) against Xiao-Cheng Lin and CL Supermarket, Inc. for their failure to defend this action. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." (quoting Fed. R. Civ. P. 55(a)).

Here, the failure of Defendants Xiao-Cheng Lin and CL Supermarket, Inc. to defend this action includes their failure to follow court orders to contact this Court when directed, failure to comply with a court order directing CL Supermarket, Inc. to secure new counsel because it may not appear in federal court without counsel, and failure generally to respond to their counsel for nearly a year prior to his motion to withdraw. (*See, e.g.*, R&R at 3; ECF No. 116 at 1 (directing CL Supermarket, Inc. to retain new counsel and directing Xiao-Cheng Lin to file a letter confirming he wished to proceed pro se); ECF No. 114-1, Declaration in Support of Motion to Withdraw, ¶¶ 6, 8, 11-13 (noting Xiao-

---

[1] The R&R states that "Rule 55(a) of the Federal Rules of Civil Procedure confers on courts the discretion to enter default judgment against a party for failure to 'plead or otherwise defend.'" (R&R at 2.) The Court notes that Rule 55(a) concerns entry of a default by the Clerk, rather than entering a default judgment, and considers this a typographical error.

7

Cheng Lin's and CL Supermarket, Inc.'s ongoing failure to respond to counsel).)

The Court further agrees with and adopts Judge Pollak's recommendation that such ongoing inaction by Xiao-Cheng Lin and CL Supermarket, Inc. evidences their lack of compliance with court orders and strongly suggests their lack of interest in continuing to defend this action. (*See* R&R at 3); *Astudillo v. Fusion Juice Bar Inc.*, No. 19-cv-2590 (ERK) (CLP), 2021 WL 8316274, at *2 (E.D.N.Y. Sept. 21, 2021) (recommending Clerk of Court enter default against defendants under Rule 55(a) and recommending plaintiffs be authorized to file for entry of a default judgment given, *inter alia*, "defendants' absence from this matter, the numerous chances that the Court has provided for defendants to obtain counsel, the delay caused by defendants' lack of response, and the fact that two of the defendants are corporations, and thus cannot proceed without attorney representation"), *report and recommendation adopted*, No. 19-cv-2590 (EK) (CLP), 2022 WL 1782596 (E.D.N.Y. June 1, 2022); *see also Rodriguez*, 784 F. Supp. 2d at 123-24 (finding individual and corporate defendants' "repeated conduct," including "ignor[ing] th[e] Court's order to seek substitute counsel by a given date" and failing to communicate with counsel regarding the case, "shows a willful and deliberate disregard for th[e] Court's orders," evidencing a willful default).

8

Accordingly, for the reasons above and in the R&R, and adopted in this Order, the Clerk of Court is directed to enter the default of Xiao-Cheng Lin and CL Supermarket, Inc. pursuant to Rule 55(a). *See* Fed. R. Civ. P. 55(a); Loc. Civ. R. 55.1(b) ("The court, on its own initiative, may enter default or direct the clerk to enter default.").

**II. Remaining Defendants**

The Court further directs the Clerk of Court to enter the defaults of the Remaining Defendants (C.H. Supermarket, Inc., L.X.W.H.C. Supermarket Inc., "Ah-Zhen" Wu, Peng Wu, He Huang, and "John" Lin) pursuant to Rule 55(a) for failure to defend. *See* Fed. R. Civ. P. 55(a); Loc. Civ. R. 55.1(b).

The Remaining Defendants' failure to defend this action is demonstrated by similar conduct as Xiao-Cheng Lin's and CL Supermarket, Inc.'s failure to defend, warranting entry of default. *See Astudillo*, No. 19-cv-2590 (ERK) (CLP), 2021 WL 8316274, at *2. For example, as of the date of this Order, C.H. Supermarket, Inc. and L.X.W.H.C. Supermarket Inc. remain unrepresented, despite Judge Pollak's May 9, 2024 Order requiring C.H. Supermarket, Inc. and L.X.W.H.C. Supermarket Inc. to find new counsel by June 24, 2024, and advising that "[f]ailure to meet this deadline will result in entry of default." (May 9, 2024 Order.) Individual defendants "Ah-Zhen" Wu, Peng Wu, He Huang, and "John" Lin have similarly failed to comply with same May 9, 2024

9

Order directing them to inform the Court of their intent to proceed pro se by June 24, 2024. (*Id.*) Further, the Remaining Defendants have not yet answered the crossclaim alleged against them on June 13, 2024.

Accordingly, the Clerk of Court is further directed to enter the defaults of C.H. Supermarket, Inc., L.X.W.H.C. Supermarket Inc., "Ah-Zhen" Wu, Peng Wu, He Huang, and "John" Lin pursuant to Rule 55(a). *See* Fed. R. Civ. P. 55(a); Loc. Civ. R. 55.1(b).

### Conclusion

For the reasons above, the Clerk of Court is directed to enter default pursuant to Federal Rule of Civil Procedure 55(a) of Xiao-Cheng Lin, CL Supermarket, Inc., C.H. Supermarket, Inc., L.X.W.H.C. Supermarket Inc., "Ah-Zhen" Wu, Peng Wu, He Huang, and "John" Lin. Plaintiffs are directed to file a motion for entry of default judgment against the Defendants thirty days after the Clerk's entries of default. Plaintiffs are reminded to follow all applicable federal and local civil procedural rules.

Plaintiffs' counsel is directed to serve all Defendants with a copy of this Order by January 24, 2025, and note service on the docket.

**So ordered.**

Dated:   January 22, 2025
         Brooklyn, New York
_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

10