United States District Court
Eastern District of New York

------------------------------------X

Chao Rong Wu and Gan Zhi Feng,

        *Plaintiffs*,          **Order**

  - against -          No. 18-cv-728 (KAM)

C.H. Supermarket, Inc. d/b/a CJ Food Mart, L.X.W.H.C. Supermarket Inc. d/b/a CJ Food Mart, CL Supermarket Inc. d/b/a CJ Food Mart, "Ah-zhen" (first name unknown) Wu, Xiao-Cheng Lin, Peng Wu, He Huang, and "John" (first name unknown) Lin,

        *Defendants*.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

      Pending before the Court is a default judgment motion, (ECF Nos. 123-126), by plaintiffs Chao Rong Wu and Gan Zhi Feng ("Plaintiffs") against five individual defendants and three corporate defendants who all were allegedly employers of one or both plaintiffs between 2012 and 2018. The plaintiffs' operative Third Amended Complaint, (ECF No. 97), brings claims against all defendants for nine alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). In this Order, the Court resolves several outstanding issues that have caused delays in the timely disposition of this case.

**I.   Denial without Prejudice of Plaintiffs' Default Judgment Motion**

"[C]ourts in the Eastern and Southern Districts [of New York] regularly deny ... motions for default judgment when strict procedural compliance with Local [Civil] Rule 55.2[] is lacking." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs, et al. v. Allstate Mapping & Layout*, No. 22-CV-1831 (PKC)(TAM), 2023 WL 1475389, at *2 (E.D.N.Y. Feb. 2, 2023) (internal brackets omitted).  In the instant default judgment motion, Plaintiffs did not comply with multiple threshold requirements of Local Civil Rule 55.2.  Specifically, Plaintiffs failed to file the following documents:

1. "[A]n affidavit or declaration showing that" (i) Plaintiffs "complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521" as required by Local Civil Rule 55.2(a)(1)(B); and (ii) "the party against whom judgment is sought is not known to be a minor or an incompetent person" as required by Local Civil Rule 55.2(a)(1)(C).

2. "[A] certificate of service stating that all documents in support of the request for default judgment ... and any papers required by this rule, have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other

2

defendants) of, the party against whom default judgment is sought." Local Civil Rule 55.2(a)(3). For the avoidance of confusion, "serving an individual defendant at the defendant's place of business does <u>not</u> satisfy" this local rule. *Dominguez v. Hernandez*, No. 21-cv-7051 (MKB)(VMS), 2023 WL 2575224, at *16 (E.D.N.Y. Feb. 22, 2023) (emphasis added), *report and recommendation adopted*, 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023). If Plaintiffs correct and refile their motion for default judgment, they should include as part of their service on each defendant (i) the entire docket sheet and (ii) their forthcoming re-filed motion for default judgment and all papers filed in support of the default judgment motion.

Because the Court "on its own initiative, ... direct[ed] the clerk to enter default" pursuant to Local Civil Rule 55.1(<u>b</u>), (*see* ECF No. 121), Plaintiffs are exempted from the general Local Civil Rule 55.1(<u>a</u>) requirement to obtain a "Certificate of Default."

In addition to the general requirements under Local Civil Rule 55.2(a)(3), counsel for Plaintiffs is directed to precisely identify, in a sworn declaration, all efforts undertaken to ascertain the proper addresses of each defendant. This Court has previously denied a motion for default judgment when a plaintiff failed to provide adequate justification for why the

3

address of service was "the last known" address for the defendant. *See Sec. & Exch. Comm'n v. Patient Access Sols.,* No. 22-CV-4447(KAM)(JAM), 2024 WL 3904795 (E.D.N.Y. Aug. 22, 2024).

Though the Court is likely to grant default judgment as to certain claims if Plaintiffs' default judgment motion is procedurally compliant, counsel for Plaintiffs is advised to (i) adequately investigate the proper service address for each defendant, and (ii) carefully review this Order and the Local Rules to ensure all procedural defects are cured.

Accordingly, Plaintiffs' motion for default judgment, (ECF Nos. 123-126), is respectfully DENIED WITHOUT PREJUDICE.

**II. Order to Plaintiffs to Show Cause**

Having undertaken an extensive review of the lengthy docket in this case, the Court, for the reasons explained below, (i) respectfully directs the Clerk to vacate the entry of default against defendants "John" Lin and "Ah-zhen" Wu, and (ii) respectfully orders Plaintiffs to show cause as to why Plaintiffs' claims against defendants "John" Lin and "Ah-zhen" Wu should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). After over seven years of litigation, Plaintiffs have not been able to identify the full legal names of these two individuals, their residential addresses, or apparently any contact details whatsoever. The Court cannot issue default judgment against a party whose identity is unknown

4

and unstated,[1] and Plaintiffs have shown no ability to diligently prosecute their case against these two individuals.

Further, as explained below, based on the record, the Court has considerable doubt that these two defendants, if they truly exist, had notice of this litigation because they were (i) never adequately served and (ii) never actually represented by any defense attorney.

*First*, the Court will identify each instance of service in this case in chronological order:

- February 8, 2018 at 3:15 PM: Process server Steven Avery served C.H. Supermarket Inc. and L.X.W.H.C. Supermarket Inc. by delivering to a clerk at the New York Secretary of State's office a copy of a summons and complaint. (ECF No. 11-12.)

- February 9, 2018 at 11:14 AM: Process server Taffphina Thompson served "Ah-Cheng" Doe, "John" Lin, "Ah-Peng" "Doe", and Ah-Zhen "Doe" at CJ Food Mart[2] by delivering to Michael Huang (who, according to the process server, "identified himself as the co-worker of the Defendant") a copy of a summons and complaint.[3] (ECF Nos. 7-10.)

---

[1] *See Urena v. 0325 Tuta Corp.*, No. 20-cv-3751 (GBD)(GWG), 2022 WL 4284879, at *3 (S.D.N.Y. Sept. 16, 2022), *report and recommendation adopted*, No. 20-cv-3751, 2022 WL 17249362 (S.D.N.Y. Nov. 28, 2022) ("[D]efault judgments cannot be entered against unnamed or fictitious parties because they have not been properly identified and served.") (internal quotations omitted).

[2] CJ Food Mart is located at 40-33 Main St. Flushing, NY 11354.

[3] The affidavits of service as to all served defendants are undifferentiated, and there is no indication that the process server inquired individually as to

5

- April 20, 2018 at 11:30 AM: Process server Steven Avery served CL Supermarket Inc., C.H. Supermarket Inc., and L.X.W.H.C. Supermarket Inc. by delivering to a clerk at the New York Secretary of State's office a copy of a summons and complaint.[4]  (ECF Nos. 22-24.)

- April 23, 2018 at 10:00 AM: Process server Qazi Haider served "John" Lin, He Huang, Peng Wu, and Xiao-Cheng Lin at CJ Food Mart by delivering to Bhao Zhin (who, according to the process server, "identified herself as the co-worker of the Defendant") a copy of a summons and complaint.[5]  (ECF Nos. 18-21.)

- On May 17, 2019, plaintiffs' attorney Rui Ma filed a certificate of service stating that plaintiffs' motion to certify an FLSA collective action and supporting papers "were served on the defendants" (though not identifying which defendants) by mailing the motion and supporting papers via the United States Postal Service to C.H. Supermarket Inc. and L.X.W.H.C. Supermarket Inc. at the address of CJ Food Mart at

---

whether each individual defendant was a current employee.

[4] The process server later provided an amended affidavit of service clarifying that he served the First Amended Complaint.  (*See* ECF Nos. 26-28.)

[5] The affidavits of service as to all served defendants are undifferentiated, and there is no indication that the process server inquired individually as to whether each individual defendant was a current employee.  The process server later provided an amended affidavit of service clarifying that he served the First Amended Complaint.  (*See* ECF Nos. 29-33.)

6

40-33 Main St. Flushing, NY 11354.  (ECF No. 51.)

- On August 26, 2022, the Court mailed a copy of the Court's August 26, 2022 order directing defendants to respond to plaintiffs' motion for leave to file an amended complaint. (ECF No. 94.)  The copy of the order was mailed to "Ah-zhen" "Doe", "Ah-cheng" "Doe", "Ah-peng" "Doe", He Huang, and "John" Lin at the address: C.H. Supermarket Inc. D/B/A CJ Food Mart, 40-33 Main Street, Flushing, NY 11354.

- On December 20, 2022, the Court mailed a copy of the Court's December 20, 2022 order, (ECF No. 100), directing all defendants to obtain new counsel or, for individual defendants, to appear *pro se* at the next conference.  The Court emphasized that the corporate defendants could not proceed *pro se*: "Corporate defendants are reminded that corporations may not proceed pro se and could risk an entry of default against them if they do not obtain counsel." (ECF No. 100.)  The copy of the order was mailed to CH Supermarket Inc.; L.X.W.H.C. Supermarket Inc.; CL Supermarket Inc.; "Ah-zhen"(first name unknown); Wu, Xiao-Cheng Lin, Peng Wu, He Huang, "John" (first name unknown) Lin c/o C.H. Supermarket, Inc. D/B/A CJ Food Mart 40-33 Main Street Flushing, NY 11354.

- On January 10, 2023, Attorney Curt Schmidt filed a declaration stating that he delivered a copy of the Court's December 20, 2022 order to someone named "Lin" at an unspecified address

7

in Flushing, NY.[6]  (ECF Nos. 101, 101-2.)

- On May 10, 2024, Attorney James Montgomery declared that he "placed a true copy of said Order, addressed to each defendant at 40-33 Main Street, Flushing, NY 11355 in separate envelopes, sealed the same and affixed stamps sufficient for first class mailing, and deposited said envelopes in a mailbox under the exclusive care and control of the U.S. Postal Service."  (ECF No. 111.)  Attorney Montgomery did not mail the envelopes in a way in which tracking and delivery of the mail to each defendant could be ascertained.

- On August 19, 2024, in compliance with Magistrate Judge Pollak's order to serve the Court's order granting his withdrawal, (ECF No. 116), Attorney James Montgomery declared that he "served two true complete copies of an Order made in this matter ... permitting [his] withdrawal as counsel on defendants XIAOCHENG LIN and CL SUPERMARKET INC., via the U.S. Postal Service."  (ECF No. 117 at 1.)  The United States Postal Service certificate of mailing shows the address as 40-33 Main St. Flushing, NY 11354, the address of CJ Food Mart.  (ECF No. 117-1 at 2.)

- On October 29, 2024, Yu Zhang filed a certificate of service,

---

[6] Attorney Schmidt also stated that his office sent text messages to "Mr. Lin and Mr. Hu" who Attorney Schmidt identifies as defendants in this case.  (ECF No. 101.)  It is clear that "Mr. Lin" is Xiao-Cheng Lin," (see ECF No. 101-1), but it remains unclear who "Mr. Hu" is and how he is related to this case.  (There is no named defendant with the first or last name "Hu.")

8

(ECF No. 120), stating that she served defendants Xiao-Cheng Lin and CL Supermarket, Inc. with Magistrate Judge Pollak's Report and Recommendation by certified mail pursuant to Magistrate Judge Pollak's October 29, 2024 order, (ECF No. 119).

- On January 23, 2025, Yu Zhang filed an affidavit of service, (ECF No. 122), stating that she served defendants C.H. Supermarket, Inc., L.X.W.H.C. Supermarket Inc., CL Supermarket Inc., Xiao-Cheng Lin, Peng Wu, He Huang, and "John" Lin by certified mail with this Court's Order adopting Magistrate Judge Pollak's Report and Recommendation pursuant to this Court's January 22, 2025 order, (ECF No. 121). (It appears that Yu Zhang forgot to include "Ah-zhen" Wu in this service.) Yu Zhang also stated that Xiao-Cheng Lin was served at a "last known residential address[,] 38-02 149th Place Flushing, New York 11354." (ECF No. 122.)

As evident in this exhaustive review of the history of service in this case, it appears that no individual defendant except Xiao-Cheng Lin was ever served at an address other than CJ Food Mart. Given the undifferentiated affidavits of service, there appears to have been little, if any, effort by the process servers or Plaintiffs to ascertain whether the individual defendants were current employees at CJ Food Mart or to ascertain and serve the individual defendants at their residential addresses.

9

*Second*, the absence of adequate service was further complicated by two defense attorneys claiming to represent all defendants when, in reality, they actually represented only a subset of defendants. Under Federal Rule of Civil Procedure 5(b)(1), absent a court order otherwise, service of pleadings "must be made on the attorney," which is satisfied by filing on the electronic docket via ECF pursuant to Rule 5(b)(2)(E). Plaintiffs may have reasonably believed that, based on counsels' appearances for defendants that "John" Lin and "Ah-zhen" Wu were, at certain times, actually represented by counsel – but the Court now, for the reasons explained below, finds that "John" Lin and "Ah-zhen" Wu were unrepresented at all times in this litigation.

Three defense attorneys represented some or all defendants in this case at various points during the litigation of the case. As discussed below, two of the three defense attorneys in this case, Messrs. Zou and Montgomery, caused considerable confusion by initially entering an appearance on behalf of <u>all</u> named defendants and later stating that they never had contact with a subset of the defendants – that is, individuals and corporations they purportedly represented. As a result of the confusion caused by multiple defense attorneys' conflicting accounts of which defendants they represented, the Court is not persuaded that "John" Lin and "Ah-zhen" Wu ever received actual notice of the proceedings in this case. Below, the Court reviews

10

the history of substitutions of defense counsel in this case.

**A.    Attorney Zou**

As of August 15, 2018 or earlier, Xian Feng (William) Zou was attorney of record for the defendants in this case. (ECF No. 39.) Attorney Zou first appeared in this case in a filing in which the parties stipulated, (*id.*), to vacatur of the Clerk's March 20, 2018 and June 15, 2018 entries of default. (*See* ECF Nos. 14, 35.) In that August 15, 2018 stipulation of vacatur of the Clerk's entries of default, Attorney Zou notified the Court that he represented all the defendants. (ECF No. 39.) Attorney Zou later backtracked and <u>twice</u> changed his account of which defendants he actually represented.

*First*, in the September 6, 2018 answer to the Second Amended Complaint filed by Attorney Zou, he stated that he represented the following defendants: CL Supermarket, Inc. d/b/a CJ Food Mart, "Ah-zhen" Wu, Xiao-Cheng Lin, Peng Wu, He Huang and "John" Lin. (ECF No. 42.) Therefore, at least as of September 6, 2018, Attorney Zou did <u>not</u> represent the two other corporate defendants in this case, C.H. Supermarket, Inc. and L.X.W.H.C. Supermarket Inc.

In a subsequent letter to the Court on April 15, 2019, Attorney Zou wrote that "Defendant L.X.W.H.C. Supermarket Inc. and CL Supermarket Inc. were defunct long time ago, they did not have any employees nor any assets." (ECF No. 47 at 2.) The Court has

11

found no evidence in the record substantiating this representation by Attorney Zou, and plaintiffs later filed an exhibit, (ECF No. 50-1), suggesting L.X.W.H.C. Supermarket Inc. and CL Supermarket Inc. may be active corporations. Plaintiffs did not abandon their assertion that "Defendants C.H. Supermarket Inc., L.X.W.H.C. Supermarket Inc. and CL Supermarket Inc. jointly own and operate CJ Food Market located at 40-33 Main Street, Flushing, NY 11355." (ECF No. 50 at 8.)

*Second*, as part of his October 28, 2019 declaration in support of his motion to withdraw, Attorney Zou declared that "[s]ome of the Defendants' names are wrong or do not even exist." (ECF No. 63-1 at 4.) Attorney Zou did not specify the defendants whose names were wrong or do not exist, but was likely referring to "Ah-zhen" Wu and "John" Lin. As to defendant He Huang, Attorney Zou declared that "He Huang was no longer employed by the Defendants." (*Id.*) Accordingly, the Court finds that Attorney Zou did not actually represent certain defendants who he claimed to have represented and for whom he filed an answer to the Second Amended Complaint. (ECF No. 42.)

Attorney Zou filed submissions on October 3, 2019, (ECF No. 62), and October 28, 2019, (ECF No. 63), seeking to withdraw because, according to Attorney Zou, the defendants did not pay legal fees or cooperate with Attorney Zou in their defense, (ECF

No. 62).[7]  The Court granted Attorney Zou's withdrawal on November 14, 2019.  (ECF No. 66.)

### B. Attorney Schmidt

On November 11, 2019 attorney Curt Donald Schmidt entered an appearance in the case on behalf of defendants C.H. Supermarket, Inc., L.X.W.H.C. Supermarket, Inc., CL Supermarket Inc., and Xiao-Cheng Lin.  (ECF No. 65.)  Attorney Schmidt continued representing the four defendants until December 20, 2022.  (ECF No. 100.)  Attorney Schmidt, an attorney at The Law Office of Joe Zhenghong Zhou & Associates, PLLC, moved to withdraw because one of the four defendants in this case, Xiao-Cheng Lin, sued Joe Zhenghong Zhou, the principal of Attorney Schmidt's firm, in state court.  (ECF No. 99 at 1-2.)

### C. Attorney Montgomery

On February 5, 2023, attorney James Montgomery entered an appearance on behalf of all defendants.  (ECF No. 102.)  On March 17, 2023, on behalf of all defendants, Attorney Montgomery filed an answer to the operative Third Amended Complaint.  (ECF

---

[7] Attorney Zou's October 3, 2019 letter did not include a request for a charging lien.  (ECF No. 62.)  On October 7, 2019, Magistrate Judge Pollak ordered Attorney Zou "to file a formal motion to withdraw." (October 3, 2019 Docket Order).  Attorney Zou then filed a draft show cause order and a declaration.  (ECF Nos. 63, 63-1.)  In his declaration and draft show cause order, Attorney Zou requested "a retaining lien against the Defendants."  (ECF Nos. 63 at 1, 63-1 at 1.)  However, Attorney Zou did not file a "formal motion" (as ordered by Magistrate Judge Pollak) or a properly briefed memorandum in support of his motion.  Although Attorney Zou's withdrawal was proper, the Court does not construe Attorney Zou's submissions as an outstanding motion for a charging lien.  Attorney Zou did not file any further submissions in this case, and there is no indication he served all defendants.

13

No. 103.) However, Attorney Montgomery's representation that he represented all defendants was not accurate, as required by Federal Rule of Civil Procedure 11. In a later declaration by Attorney Montgomery on December 20, 2023, filed in support of his motion to withdraw as to certain defendants, Attorney Montgomery declared that he was unable to make contact with three of the named defendants:

> Mr. Chen reports to me that he was not able to make contact with "Ah-Zhen" Wu, He Huang or "John" Lin. I believe that those persons have either severed their connection with the business, are mis-named or are "ghosts".

(ECF No. 109-1 at 3.) The Court finds therefore that Attorney Montgomery did not actually represent certain defendants who he claimed to have represented and for whom he filed an answer to the Third Amended Complaint. (ECF No. 103.)

On December 20, 2023, due to what Attorney Montgomery stated was a conflict between certain defendants he represented in this case, Attorney Montgomery filed a motion requesting to withdraw as counsel to certain defendants (C.H. Supermarket, Inc., L.X.W.H.C. Supermarket Inc., "Ah-zhen" (first name unknown) Wu, Peng Wu, He Huang, and "John" (first name unknown) Lin) and to continue his representation of Xiao-Cheng Lin and CL Supermarket Inc. (ECF No. 109.) It is not clear if Attorney Montgomery served all his clients. The Court granted Attorney Montgomery's motion on May 9, 2024, (ECF No. 110), and thereafter Attorney Montgomery

14

represented only Xiao-Cheng Lin and CL Supermarket Inc.

On June 13, 2024, Attorney Montgomery on behalf of defendants Xiao-Cheng Lin and CL Supermarket Inc. filed an amended answer that included a cross-claim against all other defendants for liability if Xiao-Cheng Lin and CL Supermarket Inc. are found liable in this case. (ECF No. 113.)

On July 15, 2024, Attorney Montgomery moved to withdraw as counsel for defendants Xiao-Cheng Lin and CL Supermarket Inc. because of "the repeated failure of defendants Xiao-Cheng Lin and CL Supermarket, Inc. to communicate with me and to cooperate in the defense of this action" and "the failure of said defendants to pay my bills for legal services provided." (ECF No 114-1 at 2.) On August 18, 2024, the Court granted Attorney Montgomery's motion to withdraw as counsel for defendants Xiao-Cheng Lin and CL Supermarket Inc., and he ceased to represent any defendants in this case. Attorney Montgomery served his two remaining clients with the order granting his withdrawal. (ECF No. 117.)

### D. Vacatur of Entry of Default and Order to Show Cause

Although part of the service issues related to "John" Lin and "Ah-zhen" Wu were caused in part by defense attorneys' inaccurate representations about which defendants they represented, Plaintiffs have failed to diligently investigate and prosecute their claims against "John" Lin and "Ah-zhen" Wu. For the reasons explained above, the Court (i) respectfully directs the Clerk to

15

VACATE THE ENTRY OF DEFAULT against defendants "John" Lin and "Ah-zhen" Wu, and (ii) respectfully ORDERS PLAINTIFFS TO SHOW CAUSE as to why Plaintiffs' claims against defendants "John" Lin and "Ah-zhen" Wu should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

### III. Order to Defendants to Show Cause

Even for *pro se* defendants, "[f]ailure to comply with [applicable] court orders warrants the striking of pleadings and entry of default." *Bratta v. Tramp*, No. 08-cv-4073, 2009 WL 10708936, at *2 (E.D.N.Y. Nov. 30, 2009) (Bianco, J.). "It is well-settled that courts have certain inherent powers, which must be used with restraint and discretion, and which include the power to strike a defendant's pleadings for failure to obey court orders." *Id.* (cleaned up). Though "[t]he Court is mindful that *pro se* litigants must be afforded special solicitude," *id.* (internal quotations omitted), "strik[ing] a defendant's pleadings for failure to obey court orders" is warranted when a "defendant's failure to defend is preventing this action from proceeding to resolution." *Id.*

All defendants filed an answer to the Third Amended Complaint. (ECF No. 103). Two defendants later filed an amended answer to the Third Amended Complaint but the other defendants did

16

not.[8] (ECF No. 113.) The Court's docket orders on May 9, 2024 and August 18, 2024 required the defendants to file submissions to the Court regarding obtaining new counsel, proceeding *pro se*, or otherwise informing the Court how they wished to proceed. No defendant complied with the Court's May 9, 2024 and August 18, 2024 orders, and all defendants abandoned any participation in this case. Because defendants failed to continue litigation of their defense, the Court ORDERS DEFENDANTS TO SHOW CAUSE as to why their answers to the Third Amended Complaint, (ECF Nos. 103, 113), should not be stricken.

**IV. Conclusion**

Pursuant to this multi-part Order, the Court summarizes its rulings below:

1. Plaintiffs' motion for default judgment, (ECF Nos. 123-126), is respectfully DENIED WITHOUT PREJUDICE. Plaintiffs may refile a motion for default judgment that complies with the Local Civil Rules and the Federal Rules of Civil Procedure by July 30, 2025. Defendants may file a response by August 6, 2025.

2. The Court respectfully (i) directs the Clerk to VACATE the entry of default against defendants "John" Lin and "Ah-zhen" Wu, and (ii) ORDERS PLAINTIFFS TO SHOW CAUSE

---

[8] As previously mentioned, defendants Xiao-Cheng Lin and CL Supermarket Inc filed an amended answer to the Third Amended Complaint that included a cross-claim against all other defendants. (ECF No. 113.)

17

by July 30, 2025 as to why Plaintiffs' claims against defendants "John" Lin and "Ah-zhen" Wu should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

3. The Court respectfully ORDERS DEFENDANTS TO SHOW CAUSE by July 30, 2025 as to why their answers to the Third Amended Complaint, (ECF Nos. 103, 113), should not be stricken.

Plaintiffs and Defendants may respond to the Court's order to show cause by filing a letter on the docket by the provided deadline, July 30, 2025.

Plaintiffs are respectfully ordered to serve this Order on all defendants and note service on the docket by July 24, 2025. Plaintiffs shall also include this Order as part of the materials they serve in any forthcoming motion for default judgment.

**So ordered.**

Dated:   July 22, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York